UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ERNEST R. GIBSON, JR.,

    Plaintiff,

v.   Case No. 3:21-cv-138-BJD-PDB

NAN JEFFCOAT and
SERGEANT ASHELY,

    Defendants.
_____

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff, an inmate of the Florida penal system who is proceeding pro se, initiated this action by filing a Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff complains corrections officers have harassed him for being transgender and denied him the use of his "walker outside of the line." He requests to be transferred to an "ADA transgender facility."

The Prison Litigation Reform Act (PLRA) amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the

> prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g), commonly referred to as the "three strikes" provision, requires this Court to consider prisoner actions dismissed before, as well as after, the enactment of the PLRA.

This Court takes judicial notice of filings previously brought by Plaintiff that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) 6:20-cv-892-Orl-18LRH (failure to state a claim); (2) 6:20-cv-1399-Orl-18DCI (failure to state a claim); (3) 6:20-cv-1654-Orl-40LRH (failure to state a claim); (4) 6:20-cv-1653-Orl-40EJK (failure to state a claim); and (5) 6:20-cv-1799-Orl-18DCI (failure to state a claim).[1]

Because Plaintiff has had three or more prior qualifying dismissals, and his allegations do not warrant the imminent danger exception to dismissal, this action will be dismissed without prejudice. Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying $402.00 ($350.00 filing fee and $52.00 administrative fee). If Plaintiff chooses to initiate a new action, he should know that a district court can impose sanctions against a pro se litigant for misrepresenting his litigation history to

---

[1] Plaintiff has been labeled a three-strikes litigant pursuant to 28 U.S.C. § 1915(g). See Order (Doc. 11), No. 4:20cv573-TKW-MAF (N.D. Fla. Jan. 20, 2021).

the Court, in contravention of his Rule 11 certification.[2] See, e.g., Fed. R. Civ. P. 11; Jenkins v. Hutcheson, 708 F. App'x 647, 648, 649 (11th Cir. 2018) (finding "the district court was entitled to dismiss [the plaintiff's] complaint based on his failure to fully disclose his litigation history," even where the plaintiff's conduct was unintentional).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. This case is hereby **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 12th day of February, 2021.

_____
BRIAN J. DAVIS
United States District Judge

caw 2/12
c:
Ernest R. Gibson, Jr., #281824

---

[2] In response to the following question on the complaint form, Plaintiff responded "no": "To the best of your knowledge, have you had a case dismissed based on this 'three strikes rule'?" See Complaint at 8.